CASE No. 1098.

CAMPBELL v. MOON.

1. A relinquishment of inheritance to land, by a married woman in 1860, was properly made before a magistrate of the district in which she resided, although the land lay in another district.

2. The deed, properly executed, with relinquishment endorsed, was recorded four years afterwards, in the life-time of both husband and wife. *Held,* that the record was in sufficient time to bar the wife's inheritance. *Kottman* v. *Ayer,* 1 *Strobh.* 553, approved and followed.

3. The relinquishment was sufficient in form, notwithstanding the omission of the word "actually" from the clause "she did join," &c.

4. The deed, properly executed, conveying the land to two persons, with relinquishment to only one of the grantees, but in all other respects regular, is sufficient to bar the claim of the surviving wife to recover the land.

Before KERSHAW, J., Newberry, November, 1880.

Action commenced October 1st, 1879, by Tabitha A. Campbell against Nancy Moon and John S. Moon, for the recovery of real property. The opinion states the case. The charge of the presiding judge is not stated in the brief.

*Mr. J. J. Norton,* for appellant.

*Messrs. Suber & Caldwell,* contra.

October 8th, 1881. The opinion of the court was delivered by

McGOWAN, A. J. This was an action to recover a tract of land in Newberry county. The plaintiff, when a married woman,

owned the land, and she and her then husband, Robert E. Campbell, sold it to Peter Moon and B. F. Griffin, and on January 10th, 1860, joined in a regular and formal conveyance to them by name, and eight days after, viz., on January 18th, Mrs. Campbell, residing in Laurens county, went before Henry O'Neall, a magistrate of that county, and executed, as her relinquishment of inheritance, the following paper, which was endorsed on the deed:

"STATE OF SOUTH CAROLINA, Laurens district.—I, Henry O'Neall, one of the magistrates of the district aforesaid, do hereby certify unto all whom it may concern: T. A. Campbell, wife of the within-named R. E. Campbell, did, this day, personally appear before me, and, upon being privately and separately examined by me, did declare that she did, more than seven days previous, join in the execution, with her husband, of the foregoing deed of conveyance, and that she still does now freely and voluntarily, without any compulsion, dread or fear of any person or persons whomsoever, renounce, release and forever relinquish unto the within-named Peter Moon, heirs and assigns forever, all her interest and estate, and also all her right and claim of inheritance and dower, of, in and to all and singular the premises within mentioned and released.

"T. F. A. CAMPBELL.

"Given under my hand and seal this 18th day of January, A. D. 1860.

"HENRY O'NEALL, M. L. D. [L. S.]"

The purchasers went into possession. The deed, with relinquishment endorsed, was recorded in the office of the register of mesne conveyance for Newberry county, April 6th, 1864. The land was several times sold, and finally came into the possession of the defendants. After the death of her husband, Robert E., in 1875, his widow, Tabitha A. Campbell, brought this action for the land, and the question is whether, by the facts above set forth, Mrs. Campbell is barred of her title to the land.

The case came on to be heard before Judge Kershaw. Under

his rulings, the jury found for the defendants, and the plaintiff appeals to this court upon the following exceptions:

1. "Because his Honor erred in holding that the plaintiff's relinquishment of her inheritance in the land in controversy was valid and sufficient, although it was made to but one of the two grantees named in the deed wherein she had joined her husband, Robert E. Campbell, to wit, to Peter Moon, when it is submitted the relinquishment of her inheritance should have been made also to B. F. Griffin, the other grantee named in said deed.

2. "Because his Honor erred in holding that the said relinquishment was sufficient, though couched in words variant from the form prescribed in the act of assembly regulating the relinquishment of their inheritance by married women.

3. "Because his Honor erred in holding the said relinquishment valid and sufficient, although not recorded as required by law.

4. "Because his Honor erred in holding the said relinquishment of inheritance good and sufficient, although the same was taken before a magistrate, as was in proof, of Laurens district, when the land was located in Newberry district."

This transaction took place before the adoption of our present constitution, and must be determined by the law as it then existed.

*The fourth exception* makes the point that the relinquishment was made before an officer of *Laurens*, while the land lay in *Newberry county.* The act of 1795 (5 *Stat.* 257), provides that "a married woman may bar herself of her inheritance, *provided* she will go before some one of the judges or justices in the second clause of this act mentioned," which second section names the following officers: "Any judge of the Court of Common Pleas, or justice of the quorum, or any judge of the court of the county *wherein she may reside*, or the land may be." The husband and his wife, and the officer, O'Neall, all lived in *Laurens county.* It is true, the officer who took the relinquishment was not a justice of the quorum, but an officer then styled a "magistrate." But it must be remembered that the act of 1839 had conferred all the powers and authority before that

time given to justices of the quorum, upon justices of the peace or magistrates. "Every *magistrate* shall have civil and criminal jurisdiction throughout the judicial district in which he resides, and shall execute all the powers and duties heretofore lawfully exercised by a *justice of the quorum.*" 11 *Stat.* 21. We think *a magistrate of Laurens county* could legally take the relinquishment in that county where the parties resided, although the land lay in Newberry.

*The third exception* makes the objection that the relinquishment was not valid for the reason that it was not *recorded as required by law.* It was executed January 18th, 1860, and was not recorded until April 6th, 1864, but at that time both the husband and wife were still alive. We do not propose to open again the question whether the relinquishment of a married woman was good between the parties, although it was not recorded in six months, or was utterly void. We regard that question as finally settled in this State. It was decided in the case of *Hillegas* v. *Hartley,* 1 *Hill Ch.* 106, that the failure to record a renunciation of inheritance within six months under the act, rendered it void; but the case has been expressly overruled by that of *Kottman and Wife* v. *Ayer,* 1 *Strobh.* 553, in the late Court of Errors, which, upon this point, decided that "if a wife join her husband in a conveyance of land, and renounce her inheritance according to the act of 1795, *and the deed be recorded in the life-time of both husband and wife,* though not within six months after the renunciation, it will effectually bar the wife's inheritance. We are satisfied to rest upon this case, both for its unanswerable reasoning and because it is authority binding upon us.

*The second exception* objects that the relinquishment, *in form,* was not in accordance with the act before cited, and was, therefore, null and void. The precise form of the renunciation was not prescribed by the act. It was enough if it was to the same " *effect* or to *the purport* " of the one set forth. Judge Evans, speaking for the Court of Errors, in the case of *Kottman and Wife* v. *Ayer, supra,* says: "I conclude, therefore, that the words '*positively* and *bona fide*' can have no other application than as to the fact that the deed was executed at least seven

days before her examination. The act does not require that the words *'positively* and *bona fide'* should be used, but that the certificate should be to *the effect* that the woman did declare," &c. In the case in which he was speaking the word *" actually "* was held to be equivalent to the words *"positively* and *bona fide,"* and fulfilled the requirements of the act. In this case the words are: *" Did declare that she did, more than seven days previous, join in the execution with her husband of the foregoing deed of conveyance, and that she still does now, freely and voluntarily, without any compulsion, dread or fear of any person or persons whomsoever, renounce, release and forever relinquish,"* &c. Is there any real and substantial difference between declaring that *" she did join "* and that she *"* did *actually* join? "* One expression may be supposed to be somewhat more emphatic than the other, but they both refer, as Judge Evans says, *" to the fact that the deed was executed,"* &c. We do not think that the relinquishment was so defective in form as to make it void.

*The first exception* makes the point principally relied on—that the relinquishment was insufficient because it was to *one* of the grantees, Peter Moon, instead of being to both Peter Moon and B. F. Griffin. The conveyance was to both, but the relinquishment, endorsed on the back, was only to one of them. It will be noticed that the act makes no reference to the case of two grantees, but says: "In the premises mentioned in the release unto the grantee." Either was "a grantee." The deed was the instrument by which the inheritance was conveyed, and the certificate was required only by way of authenticating, without the possibility of a doubt, as she was a married woman, the fact of its execution, and that it was done freely and voluntarily, without any compulsion, dread or fear of any one, meaning, especially, no doubt, her husband. That purpose was accomplished as fully by the relinquishment *to one* as it would have been if the name of the other grantee, also, had been inserted in the certificate. The omission to insert the other name was manifestly an accident in filling a blank, for there is in the relinquishment itself distinct reference to *" the foregoing deed of conveyance,"* and to *" the premises within mentioned and released."* The appellant conveyed away all the estate she ever had. She conveyed to

two grantees, and, by accident, relinquished to one of them. Possibly some question might arise between the grantees as to the effect of such action, but we do not see how she can claim that on that account the whole conveyance, as to her, is absolutely void.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McIVER, A. J., concurred.